## BANK OF COMMERCE & SAVINGS v. LAUGHLIN.

### M. C. No. 4320.

District Court of the United States for the District of Columbia.

May 2, 1941.

Leon Pretzfelder, of Washington, D. C., for plaintiff.

James J. Laughlin, of Washington, D. C., for defendant.

LAWS, Justice.

I am asked to approve an undertaking which defendant proposes to file in order to obtain a release of an attachment after judgment of a bank account at The City Bank maintained in the name of defendant. It is conceded the surety on the undertaking is adequate. The sole question for me to determine is whether such an undertaking should be approved, when it is proposed to be used to release an attachment after judgment. Plaintiff maintains that such a release may only be obtained where the attachment is made before judgment.

I am informed the practice for a number of years has been to accept such an undertaking to bring about a release of an attachment regardless of whether it was before or after judgment. However, apparently the present contention heretofore has not arisen. Upon careful consideration of the provisions of the District of Columbia Code, I have reached the conclusion that the sole right to release such an attachment is granted where the attachment is made before judgment. Not only is the provision for release of the credit contained in a separate Chapter of the Code entitled "Attachment Before Judgment" (Chapter 6, Title 24, Sec. 130), but when later provisions are made with respect to "Judgments And Decrees, Executions And Exemptions" (Chapter 11, § 271 et seq., Title 24), they purport to deal specifically with the procedures which may be followed to release attachments. Some of such provisions deal with the same subject matter covered by the sections with relation to attachments before judgment. It thus appears that each of Chapters 6 and 11 undertake to deal separately and comprehensively with what shall occur, on the one hand,

where the attachment is before judgment, and, on the other hand, where the attachment is after judgment. This forces the conclusion that where the provision for release by undertaking was omitted, it was done so deliberately.

█ The Court does not have inherent power to release an attachment after judgment where the legislature has provided an attachment may be made and has stipulated the terms upon which the attachment may be released or held ineffective.

For the reasons stated, I feel constrained to rule that the proposed bond will not be approved.